IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RONI LEWIS MEDEARIS, | § § § | |
| *Plaintiff,* | § § | |
| v. | § | CIVIL ACTION NO. G-17-0188 |
| TERENCE EYONMFON, *et al.*, | § § § | |
| *Defendants.* | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Roni Lewis Medearis, a state inmate proceeding *pro se* and *in forma pauperis*, filed this lawsuit under 42 U.S.C. § 1983 for the alleged violations of his constitutional rights by Texas Department of Criminal Justice employees Terence Eyonmfon, Jerry Sanchez, and Steve Massie. The defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 14), to which plaintiff filed a response (Dkt. 15).[1]

Having reviewed the motion to dismiss, the response, the record, and the applicable law, the Court **GRANTS** the motion and **DISMISSES** this case for the reasons that follow.

---

[1] Plaintiff recently filed a motion for summary judgment (Dkt. 17). He acknowledges that he did not serve a copy of his handwritten motion on counsel for the defendants, and no justification for his failure to handwrite and serve a copy on opposing counsel is shown. The motion fails to comply with this Court's order of January 8, 2018 (Dkt. 13 at pp. 2–3), and will not be considered. Regardless, the instant Memorandum Opinion and Order renders plaintiff's motion moot.

## I. <u>BACKGROUND AND CLAIMS</u>

Plaintiff alleges that on April 6, 2017, he was working his regular prison job in the food service department at the Darrington Unit. Around 11:30 a.m. he started walking away to use the restroom, but was stopped by defendant food service officer Terence Eyonmfon, who refused to let him leave the area. Plaintiff wrote a step 1 grievance regarding the incident, and asked that Eyonmfon be made to obey prison policy and the Constitution when plaintiff asks to use the restroom (Dkt. 1 at pp. 8–9). The grievance was denied by defendant Jerry Sanchez, who found no evidence of staff misconduct. Plaintiff's step 2 grievance, which stated nothing more than, "See camera footage?" (Dkt. 1 at p. 10), was denied by defendant Steve Massie for like reasons.

Plaintiff contends in this lawsuit that defendant Eyonmfon's conduct in not letting him take a restroom break at 11:30 a.m. was barbaric and cruel and unusual punishment in violation of the Eighth Amendment. (Dkt. 1 at p. 13–14). Although he states that the officer's actions created a risk of discomfort and humiliation because he was taking diuretics to control his blood pressure, no specific physical injury is alleged. Construed liberally, plaintiff's complaint also alleges that defendants Sanchez and Massie violated his constitutional rights by failing to grant or investigate adequately his administrative grievances. Plaintiff seeks $22 million in monetary damages.

In their motion to dismiss, defendants argue that plaintiff's allegations fail to raise a viable claim for relief under section 1983 in that no constitutional violation is presented. Plaintiff's response restates his allegations of constitutional violations.

## II. STANDARDS OF REVIEW

### A. *Pro Se* Prisoner Litigants

Because the plaintiff is an inmate proceeding *in forma pauperis*, the Court is required by federal law to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief"). A *Martinez* report submitted by state officials, as was done in this case, is a tool to assist courts in making a determination of frivolity under 28 U.S.C. § 1915. *See Norton v. Dimazana*, 122 F.3d 286, 292–93 (5th Cir. 1997); *see also Cay v. Estelle*, 789 F.2d 318, 323 & n.4 (5th Cir. 1986) (discussing the utility of a *Martinez* report).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff in this case proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

### B. Dismissals Under Rule 12(b)(6)

In reviewing a pleading under Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Crucially, while federal pleading rules do not require "detailed factual allegations," the rules do "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

### C. Dismissal with Prejudice

This lawsuit has been on file for well over a year. Plaintiff has been provided ample opportunity to present facts supporting his claims, and has not sought leave to amend his complaint. His pleadings reiterate the same set of operative facts.

The Court is of the opinion that plaintiff has pleaded his best possible case. Accordingly, the dismissal of his claims herein is with prejudice. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citing with approval the proposition that "a district court does not err in dismissing a . . . complaint with prejudice if the court determines the plaintiff has alleged his best case").

### III. DISCUSSION

### A. Eleventh Amendment Immunity

The defendants in this case are sued for actions taken during the course of their employment with TDCJ, a state agency. Thus, to the extent plaintiff seeks monetary damages against the defendants in their official capacities, his claims are barred by the Eleventh Amendment and are **DISMISSED WITH PREJUDICE**. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

### B. First Amendment Violation

Plaintiff baldly states in his complaint that the defendants violated his First Amendment rights. He fails to set forth any factual allegations supporting such a claim, and his conclusory contention is insufficient to raise a viable claim for relief under section 1983 and Rule 12(b)(6). Moreover, taking as true the factual allegations presented in plaintiff's pleadings, the Court finds that no viable First Amendment claim has been raised.

Defendants are entitled to dismissal of plaintiff's claims, and his First Amendment claims are **DISMISSED WITH PREJUDICE**.

### C. Defendant Terence Eyonmfon

Plaintiff complains that at 11:30 a.m. on April 6, 2017, defendant Eyonmfon denied him a restroom break. He claims that this incident violated his Eighth Amendment protections for which Eyonmfon should pay him $22 million in compensatory damages.

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they evince deliberate indifference to a prisoner's health or safety, resulting in unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The Eighth Amendment deliberate indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

A prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety; that is, the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Actions and decisions by officials that are merely inept, erroneous, ineffective or negligent" do not amount to deliberate indifference. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998). It is indisputable that the failure to alleviate a significant risk that prison officials should have perceived, but did not, is insufficient to demonstrate deliberate indifference. *Farmer*, 511 U.S. at 838.

Defendant Eyonmfon's denial of plaintiff's request for a restroom break at 11:30 a.m. on April 6, 2017, may have temporarily inconvenienced plaintiff or caused him discomfort, but it did not rise to the level of an Eighth Amendment violation based on deliberate indifference. Plaintiff wholly fails to allege facts sufficient to establish that defendant Eyonmfon knew plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Indeed, plaintiff himself fails to set forth facts showing that he faced a substantial risk of serious harm by not taking a restroom break at 11:30 a.m. that day. Plaintiff's conclusory assertions against defendant Eyonmfon fail to satisfy any of the essential elements of his deliberate indifference claim, and no viable Eighth Amendment claim is raised.

Contrary to plaintiff's arguments, the facts in his case fall well short of those found in *Hope v. Pelzer*, 536 U.S. 730 (2002). In *Hope*, the inmate was handcuffed to a hitching post, shackled in leg irons, and left shirtless in direct sunlight without water or bathroom respite for seven hours. Indeed, the gravamen of the Eighth Amendment violation in *Hope*

was the act of handcuffing the inmate to a hitching post. 536 U.S. at 745–46 ("[R]easonable officials in the [state prison] should have realized that the use of the hitching post under the circumstances alleged by Hope violated the Eighth Amendment prohibition against cruel and unusual punishment."). *Hope* provides no support for plaintiff's contention that the isolated denial of his request for a restroom break at 11:30 a.m. on April 6, 2017, violated his Eighth Amendment rights.

Moreover, in order to prevail on his claim, plaintiff must demonstrate not only that he was exposed to a substantial risk of serious harm, but that he actually suffered some harm that was more than *de minimis*. *See Siglar v. Hightower*, 112 F.3 191, 193–94 (5th Cir. 1997); *Alexander v. Tippah County, Miss*, 351 F.3d 626, 630–31 (5th Cir. 2003). Additionally, 42 U.S.C. § 1997e(e) precludes monetary recovery "for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" Plaintiff alleges no facts showing that he was physically injured as a result of this incident, and no viable section 1983 claim for relief or for monetary damages under section 1997e(e) is presented.

Defendant Eyonmfon is entitled to dismissal of plaintiff's claims against him, and the claims are **DISMISSED WITH PREJUDICE**.

### D. Defendants Jerry Sanchez and Steve Massie

Plaintiff complains that prison administrative employees Jerry Sanchez and Steve Massie violated his constitutional rights by denying and inadequately investigating his step 1 and step 2 grievances regarding the incident.

His allegations raise no colorable claim for relief under section 1983. Prisoners do not have a federally protected liberty interest in having their administrative grievances investigated, processed, or resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005); *see also Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. Jan. 19, 2018) (holding that a section 1983 due process claim for failure to investigate grievances is indisputably meritless). Plaintiff's dissatisfaction with the results of his prison grievances, or his belief that the defendants did not examine all of the available evidence, does not give rise to a viable section 1983 claim for relief. Further, plaintiff again fails to allege facts establishing a resulting physical injury for purposes of monetary compensation under section 1997e(e).

Defendants Steve Massie and Jerry Sanchez are entitled to dismissal of plaintiff's claims against them, and the claims are **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

Defendants' motion to dismiss (Dkt. 14) is **GRANTED**, and this lawsuit is **DISMISSED WITH PREJUDICE**. All pending motions are **DENIED AS MOOT**.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties and counsel of record.

Signed at Galveston, Texas, on July 27, 2018.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE